The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 21, 2011, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: July 21, 2011

Arthur I. Harris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-20715 |
| | ) | |
| MARK H. & HEATHER M. GAZVODA, | ) ) | Chapter 7 |
| | ) | Judge Arthur I. Harris |
| Debtors. | ) | |

MEMORANDUM OF OPINION

This matter is before the Court on the trustee's objections to the debtors' claim of exemptions as enumerated on Schedule C of their jointly filed chapter 7 petition. On April 12, 2011, the Court heard argument on the trustee's objections and the debtors' response. The parties were given an opportunity to file supplemental briefs by May 10, 2011, after which the Court took the matter under advisement. The debtors filed a supplemental brief on April 26, 2011(Docket #19) and the trustee filed his response on May 3, 2011 (Docket #20). At issue is whether both spouses may claim an exemption in a tax refund earned by only one spouse.

For the reasons that follow, the Court sustains the trustee's objection to the tax refund exemptions as set forth on Schedule C and overrules the debtors'

response. The Court finds that even if spouses jointly file tax a return in order to enhance the tax refund and also jointly file a bankruptcy petition, the tax refund remains the property of the wage earning spouse. Only the spouse whose over-withheld earnings resulted in the refund has the requisite property interest to claim exemptions in that refund under 11 U.S.C. § 522.

## JURISDICTION

Objections to claims of exemptions are core proceedings under 28 U.S.C. § 157(b)(2)(B). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND PROCEDURAL BACKGROUND

On October 29, 2010, the debtors filed a joint petition under Chapter 7 of the Bankruptcy Code. On Schedule C the debtors claimed exemptions in a potential tax refund under Ohio Rev. Code Ann. § 2329.66(A)(3) and (18). The debtors claimed $1,150 each under Ohio Rev. Code Ann. § 2329.66(A)(18) for a total of $2,300, and $400 each under Ohio Rev. Code Ann. § 2329.66(A)(3) for a total of $800. The parties agree that the exemption claimed under Ohio Rev. Code Ann. § 2329.66(A)(18) is limited to $1,150 per person and that the exemption claimed under Ohio Rev. Code Ann. § 2329.66(A)(3) is limited to $400

2

per person.

The debtors claim that since they filed a joint tax return and a joint bankruptcy petition, and because the joint tax return enhanced the tax refund, they each have an equal interest in the tax refund and are each entitled to claim the exemptions. The trustee disputes the debtors' claim that they are permitted under these exemption sections to "lump" together exemptions in potential tax returns earned solely by one spouse.

DISCUSSION

Pursuant to 11 U.S.C. § 302 married couples are permitted to file a joint bankruptcy petition. However, joint filing entails two separate legal entities, and until there is a court order for substantive consolidation two separate estates are recognized under 11 U.S.C. § 541. There is nothing in the Bankruptcy Code which automatically makes all of one debtor's property the property of the other, leading to one bankruptcy estate under § 541. *In re Gale*, 177 B.R. 531, 534-35 (Bankr. E.D. Mich. 1995)(collecting cases "recogniz[ing] that a voluntary joint petition entails two separate legal entities and, at least until consolidation is ordered, two separate estates . . ." ).

Each debtor's estate is a separate entity, and the exemptions available to each co-debtor may be claimed only from his or her separate estate. *In re*

3

*Lindstrom*, 331 B.R. 267, 269-70 (Bankr. E.D. Mich. 2005). Therefore, each debtor may claim exemptions only as to property in his or her estate created by 11 U.S.C. § 341. Mr. and Mrs. Gazvoda established two separate estates by filing jointly, and there has been no court ordered consolidation. However, on Schedule C the debtors have each claimed an exemption for a tax refund (Ohio Rev. Code Ann. § 2329.66(A)(3)) and for the "wild card" exemption (Ohio Rev. Code Ann.§ 2329.66(A)(18)) in the exact same amounts and have added the exemptions together. The trustee states the exemption belongs only to the debtor husband's estate as he was the sole wage earner and the only one whose earnings were over-withheld for taxes.

Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few, specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. *See* 11 U.S.C. § 541. The Bankruptcy Code allows a debtor to claim certain property as exempt. *See* 11 U.S.C. § 522. A state may adopt the federal exemptions contained in § 522, or create its own exemption framework. *See* 11 U.S.C. § 522. Ohio has opted out of the federal exemptions. *See* Ohio Rev. Code Ann. § 2329.662. Therefore, any property that a debtor domiciled in Ohio seeks to exempt must fall within an exemption authorized under Ohio law or

4

nonfederal bankruptcy law.  *Menninger v. Schramm (In re Schramm)*, 431 B.R. 397, 400 (6th Cir. BAP 2010).

The relevant portions of Ohio Rev. Code Ann. § 2329.66 provide:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
>> (3) The person's interest, not to exceed four hundred dollars, in cash on hand, money due and payable, money to become due within ninety days, tax refunds, and money on deposit with a bank, savings and loan association, credit union, public utility, landlord, or other person, other than personal earnings.
>
> . . .
>
>> (18) The person's aggregate interest in any property, not to exceed one thousand seventy-five dollars, except that division (A)(18) of this section applies only in bankruptcy proceedings.[1]

A principal policy goal of the Bankruptcy Code is to "grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 (2007) (*quoting Grogan v. Garner*, 498 U.S. 279, 287, 111 S. Ct. 654, 659 (1991)).  Exemptions further this policy goal by allowing a debtor to protect property which is necessary for the survival of both the debtor and the debtor's family.  Ohio's exemptions are to be construed

---

[1] The amount of the exemption was raised to $1,150 on April 1, 2010. Ohio Rev. Code Ann. § 2329.66(B).

liberally in favor of the debtor.  *See Daugherty v. Central Trust Co.*, 28 Ohio St. 3d 441, 447, 504 N.E.2d 1100, 1104-05 (1986).  A party objecting to a debtor's claim of exemptions "has the burden of proving that the exemptions are not properly claimed."  Fed. R. Bankr. P. 4003(c).  *See generally Menninger*, 431 B.R. 397 (outlining the policy behind and framework for construing exemptions in favor of the debtor).

In his objection, the trustee states that Heather Gazvoda is self employed and had no withholding tax through the petition date and will not have any withholding tax for 2010.  He further states that a debtor may not claim an exemption in a joint income tax refund where such debtor had no tax withholdings for the taxable year.  In their response, the debtors admit that Heather Gazvoda had no tax withholding through the petition date and will have no tax withholding for 2010, and that all of the withholding tax paid in 2010 came from debtor Mark Gazvoda.  The debtors argue that they are each entitled to the full exemption since they filed a joint tax return and filed the bankruptcy petition jointly as well.  Their position is that each spouse owns the refund equally and that the tax refund should be split equally between them regardless of which spouse generated the income and thus earned the refund.  They rely on applicable Ohio state domestic relations law which provides that "division of marital property shall be equal," Ohio Rev. Code Ann.

§3105.171(C)(1), to support their position. The debtors further state that Mrs. Gazvoda is entitled to half of the refund because the tax refund was enhanced by filing a joint tax return instead of separate tax returns. They aver that because 1) they filed a joint tax return and a joint bankruptcy petition and 2) the tax refund was enhanced by the joint filing, the issue is one of first impression in this District.

In *Kleinfeldt v. Russell (In re Kleinfeldt)*, 287 B.R. 291, 294-95 (10th Cir. BAP 2002), the court held that the signing of a tax return by one spouse to get the benefit of perceived tax advantages does not turn the resulting tax overpayments by one spouse into joint property. In *In re Smith*, 5 B.R. 227, 228 (Bankr. S.D. Ohio 1980), the court stated "the mere signing of a joint husband and wife tax return by the spouse with no income . . . for the purpose of taking advantage of perceived tax advantages . . . [does not thereby effect a] metamorphosis . . . converting the nature of the fund into the property of the other party." *See also Butz v. Wheeler*, 17 B.R. 85 (Bankr. S.D. Ohio 1981)(accord). Further, in *In re Smith*, 310 B.R. 320, 323 (Bankr. N.D. Ohio 2004), the court stated that "26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds [of a tax return] are altered by a joint federal income tax filing. Similarly, O.R.C. Section 5711.14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint

7

10-20715-aih    Doc 23    FILED 07/21/11    ENTERED 07/21/11 09:38:31    Page 7 of 11

refunds . . ."

Because joint filing of a tax return in order to enhance the amount of the refund does not alter property rights, this issue is not one of first impression for this Court or in this District. *See e.g. In re McEachern*, 2005 WL 2792369 (Bankr. N.D. Ohio Sept. 6, 2005); In *re Taylor*, 22 B.R. 888 (Bankr. N.D. Ohio 1982). In each of those cases, the court held that only the spouse whose wages resulted in the refund had a property interest in the refund.

A debtor who has an interest in a tax refund may, under subsections 2329.66(A)(3) and (18), exempt up to $1,550 of the refund from the property of the estate. The statute only provides, however, for exemption of "the person's interest." *See supra* § 2329.66(A)(3) and (18). Without an interest in the tax refund, one may not claim an exemption. *See In re Smith*, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987)("A non-income producing spouse is without a requisite property interest in a tax refund which would entitle such spouse to an exemption."); *In re Taylor*, 22 B.R. at 891 (accord).

Under federal bankruptcy law "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the bankruptcy "estate." *McCafferty v. McCafferty (In re McCafferty),* 96 F.3d 192, 196 (6th Cir. 1996)(quoting 11 U.S.C. § 541(a)); *see also Guaranty Residential Lending*

8

*v. Homestead Mortgage Co., LLC,* 291 Fed. Appx. 734 (6th Cir. 2008). However, the Bankruptcy Code does not define "all legal and equitable interests of the debtor in property." Instead, state law determines the existence and scope of a debtor's legal or equitable interest in property. *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Ohio law expressly provides that, except for a few exceptions not applicable here, neither spouse has any interest in the property of the other. Ohio Rev. Code. Ann. § 3103.04. Thus, wages are the sole property of the earning spouse, and a spouse has no interest in a tax refund resulting from the withheld income earned solely by the other spouse. *In re Smith*, 310 B.R. 320 (a non-debtor spouse who did not contribute to any of the tax overpayments had no property interest in the tax refund); *See also In re Carey*, 1993 WL 541461 *2 (Bankr. N.D. Ohio Dec. 1, 1993)("refund of taxes paid by one spouse, who files jointly with the other spouse, remain the property of the wage-earning spouse.")

    The debtors urge this Court to follow cases in other jurisdictions that have adopted a 50/50 refund rule for joint debtors filing joint income returns. *See, e.g., In re Glenn*, 430 B.R. 56 (Bankr. N.D.N.Y. 2010)(adopting 50/50 refund rule for ownership of tax refunds under New York law for joint debtors filing joint income tax returns); *In re Garbett*, 410 B.R. 280, 285-86 (Bankr. E.D.Tenn. 2009) (concluding "that the 50/50 Refund Rule, subject to rebuttal based on the

circumstances of each individual case, is most compatible with Tennessee law."). While these and similar cases may better reflect the concept of marriage as a shared partnership, they fail to reflect the current state of property law in Ohio that marriage alone does not confer upon a spouse an interest in the other spouse's separately titled property. *See* Ohio Rev. Code Ann. § 3103.04; *State v. Garber*, 125 Ohio App.3d 615, 618-19, 709 N.E.2d 218 (1998). *Accord In re Greer*, 242 B.R. 389 (Bankr. N.D. Ohio 1999); *In re Taylor*, 22 B.R. at 890.

As Judge Krasniewski wrote in *In re Taylor*:

> Ohio law explicitly leaves property rights unaltered by the fact of marriage: 'Neither husband nor wife has any interest in the property of the other, except [implicit in the duty to support], the right to dower, and the right to remain in the mansion house after the death of either.' O.R.C. Section 3103.04. Applied to the case at bar, the instant refund checks represent overpayment of tax obligation incurred solely by [the working spouse's] earnings, and thus constitute a refund of [his] wages. In consequence, any check proceeds are the property of [the working spouse] and are properly includable in [his] bankruptcy estate, unless validly conveyed by pre-Petition transactions. The fact that the checks name both Debtors as payees, and thus are not transferable without [the working spouse's] signature, O.R.C. Section 1303.15(B), (U.C.C. Section 3-116), does not alter the underlying property rights in any of the proceeds.

*Id.* at 890. Nor does the notion that both spouses might be entitled to an equal share of marital property in a divorce setting affect the ownership interests of each spouse when neither party has filed for a divorce. *See Carlson v. Moratzka (In re Carlson)*, 394 B.R. 491, 494-95 (8th Cir. BAP 2008)(rejecting debtor's argument

that court should look to Minnesota's marital dissolution laws for guidance, and noting that statutory presumption of equal ownership of marital property applies only in marital dissolution proceedings); *see also In re Greer*, 242 B.R. at 395 (addressing tax refund of joint debtors whose divorce was pending when they jointly filed for relief under Chapter 7).

In the present case, Mr. Gazvoda's tax refund derives solely from Mr. Gazvoda's over-withheld earnings, which under Ohio law are solely his property. Thus, Mrs. Gazvoda has no property interest in the refund under Ohio law and is not entitled to an exemption.

## CONCLUSION

For the foregoing reasons, this Court sustains the trustee's objection, and overrules the debtor's response. Mrs. Gozvoda may not claim exemptions in the tax refund because she has no property interest in the refund under Ohio law. The debtors are ordered to turn over to the trustee the sum of $1,357.11, which is the prepetition amount of the tax refund less Mr. Gazvoda's uncontested exemptions of $1,550.

IT IS SO ORDERED.